UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 4:09CR-68-H

JAMES R. TISCHENDORF                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                              RESPONDENT/PLAINTIFF

### MEMORANDUM AND ORDER

Movant James R. Tischendorf filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 48). The motion is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the motion appears to be barred by the applicable statute of limitations, the Court will direct Tischendorf to show cause why his motion should not be denied as untimely.

I.

Tischendorf entered into a plea agreement on August 27, 2010, pleading guilty to Counts 1 and 2 of the indictment–attempt to coerce or entice a minor to engage in sexual activity and transfer of obscene material to a minor. The Judgment and Commitment Order was entered on September 27, 2010. The Court sentenced Tischendorf to 120 months on each count to run concurrently and supervised release for ten years on Count 1 and three years on Count 2 also to run concurrently. Tischendorf did not file an appeal of his conviction. Tischendorf filed the instant § 2255 motion on June 19, 2013.[1]

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on September 27, 2010. The judgment became final on October 11, 2010, upon the expiration of the fourteen-day period for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A). Tischendorf had one year, or until October 11, 2011, in which to timely file a motion under § 2255. Accordingly, Tischendorf's motion was filed more than one year and eight months after the statute of limitations expired. Tischendorf states in a cover letter that he previously sent his motion to the Court of Appeals. However, he does not state on what date he sent the motion, and a search of the Sixth Circuit's records does not show any filings by

Tischendorf in that Court. Under § 2255(f), therefore, Tischendorf's motion appears to be time-barred and subject to summary dismissal.

Because § 2255's one-year statute of limitations is not jurisdictional, however, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). To qualify for such relief, a prisoner must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 339 F.3d 626, 635 (6th Cir. 2005); *Dunlap*, 250 F.3d at 1008. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin*, 308 F.3d at 653).

Tischendorf has not alleged any facts in his memorandum which warrant the application of equitable tolling. Before dismissing the motion as time-barred, however, the Court will provide him with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

**III.**

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, Tischendorf must **SHOW CAUSE** why the § 2255 motion to vacate, set aside or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.

Tischendorf is **WARNED** that failure to respond within the time allotted **will result in denial of the motion** for the reasons set forth herein.

Date:


cc: James R. Tischendorf, *pro se*
    United States Attorney
4412.010