UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:09CR-68-H

JAMES R. TISCHENDORF                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                     RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

Movant James R. Tischendorf filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 48). The Court reviewed the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon review, the Court directed Tischendorf to show cause why the motion should not be denied as barred by the statute of limitations (DN 49). Tischendorf responded to the Court's Show Cause Order (DN 50). Upon review, for the reasons set forth below, the Court will deny the motion as untimely.

**I.**

Tischendorf entered into a plea agreement on August 27, 2010, pleading guilty to Counts 1 and 2 of the indictment–attempt to coerce or entice a minor to engage in sexual activity and transfer of obscene material to a minor. The Judgment and Commitment Order was entered on September 27, 2010. The Court sentenced Tischendorf to 120 months on each count to run concurrently and supervised release for ten years on Count 1 and three years on Count 2 also to run concurrently. Tischendorf did not file an appeal of his conviction. He filed the instant § 2255 motion on June 19, 2013.[1]

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on September 27, 2010. The judgment became final on October 11, 2010, upon the expiration of the fourteen-day period for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A). Tischendorf had one year, or until October 11, 2011, in which to timely file a motion under § 2255. Accordingly, Tischendorf's motion was filed more than one year and eight months after the statute of limitations expired. In response to the Show Cause Order, Tischendorf acknowledges that he did not file his motion within the statute of limitations. Under § 2255(f), therefore, Tischendorf's motion is time-barred and subject to summary dismissal.

Because § 2255's one-year statute of limitations is not jurisdictional, however, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). To qualify for such relief, a prisoner must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Dunlap*, 250 F.3d at 1008. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In response to the Show Cause Order, Tischendorf argues that he is entitled to equitable tolling because he is actually innocent of the crimes of which he was convicted. The statute of limitations under § 2255 may be equitably tolled when the movant makes a credible claim of actual innocence based on new reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Souter*, 395 F.3d at 590. To make out a credible claim of actual innocence, Tischendorf is required to support his allegations of federal constitutional error with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not

3

presented at trial." *Schlup v. Delo*, 513 U.S. at 324. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow the court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id.* at 316; *Connolly*, 304 F. App'x at 417.

In the case at bar, Tischendorf does not argue any new facts or point to any new reliable evidence that was not presented at trial. He argues that he is "innocent of a Federal Crime under the enumerated power of the Commerce Clause." He states, "Petitioner's 'free' picture and 'sexual activity' is neither commerce, commercial, nor economic activity[]" and therefore cannot be regulated under the Commerce Clause. He contends that he became aware of this after the Supreme Court's ruling in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, __ U.S. __ , 132 S. Ct. 2566 (2012), which he argues supports his actual innocence claim.

However, even if Tischendorf's argument had merit, it rests not on factual innocence but on legal innocence, which does not give rise to equitable tolling. *Bousley*, 523 U.S. at 623. Therefore, he fails to establish that he is entitled to equitable tolling on the basis of actual innocence.

Tischendorf also argues that he is a "simple 'layman'" and suffers from "mental illness, including a bi-polar disorder." However, ignorance of the law and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[I]nmate's lack of legal training, his poor education, or even his illiteracy does not give a court

4

reason to toll the statute of limitations."). Further, as to his claim that he suffers from a mental illness and bi-polar disorder, the Sixth Circuit has held that mental illness will toll a statute of limitations "only if it actually prevents the sufferer from pursing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005). Tischendorf does not explain or set forth any facts to make a threshold showing that his mental condition prevented him from timely filing his motion. He therefore has not met his burden of establishing that he is entitled to equitable tolling because of a mental illness.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will deny the motion and dismiss the action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Tischendorf appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal

5

is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Movant/Defendant James R. Tischendorf, *pro se*
United States Attorney
4412.010